Territorial Law Library



IN THE SUPERIOR COURT OF GUAM

| THE PEOPLE OF GUAM | ) | CRIMINAL CASE NO. CM0766-08 |
|---|---|---|
| vs. | ) | |
| VINCENT R. REYES, | ) | DECISION AND ORDER |
| Defendant. | ) | |

This matter came before the Honorable Alberto C. Lamorena III on March 27, 2009 on Defendant's Motion to Dismiss. Attorney Shane F.T. Black appeared on behalf of the People of Guam. Appearing on behalf of Defendant was Attorney Richard Dirkx. After reading the parties' briefs, the Court took the matters under advisement. The Court now issues its Decision and Order.

**FACTUAL HISTORY**

On December 16, 2007, the Defendant was arrested for Driving While Under the Influence of Alcohol and Reckless Driving. Defendant was booked and released, and issued a Notice to Appear for December 24, 2008. Defendant was charged with the above offenses on September 5, 2008, however, no summons was issued and Defendant appeared in court on December 24, 2008, at which time his attorney was assigned, and was arraigned on January 7,

-1-

2009, at which time he waived his right to a speedy trial. Defendant subsequently asserted his right to speedy trial on February 17, 2009.

## DISCUSSION

Defendant argues that the Government's failure to bring him before the Court within one year of the date of his arrest for a misdemeanor crime violated his right to be arraigned promptly, and violated his rights under the line of cases generated by *People v. Palomo*, 1998 Guam 12. Defendant also argues that the failure to charge and arraign him quickly after his arrest constituted violations of his statutory and constitutional rights to a speedy trial.

### A. Violation of Palomo

In the situation presented in this case, the Defendant was initially arrested and released pursuant to the statutory scheme set forth under 8 GCA §25.10, in which the police may arrest and release a defendant without taking the defendant before a judge. In *People v. Villapando*, 1999 Guam 31, the Guam Supreme Court discussed the choice of this method under *Palomo*:

> As shown above, the court, in *Palomo*, viewed two options in charging out
> cases, misdemeanors in that case. First, the police could arrest and detain a
> defendant, thereby not invoking § 25.30 at all and § 10.20 would be the only
> time constrained(sic) placed upon the People to commence prosecution. *See*
> 8 GCA § 45.10 (1993). Second, the citation and notice to appear issued by
> the police could be issued. However, once that method of preliminary
> "prosecution" is invoked, then the mandates and time guidelines of § 25.30
> and the date on which the defendant is required to appear come into play . . .
> .

*People v. Villapando*, 1999 Guam 31, ¶34.

When the police decide to release a defendant pursuant to 8 GCA §25.10 and its related statutes, instead of taking the arrestee before a judge as required under § 45.10, the arresting officer may release the arrestee "pursuant to the procedure provided by this Chapter [25]." 8

GCA §25.10. Pursuant to Chapter 25, an officer is required to prepare a Notice to Appear, have the arrestee sign the Notice to Appear and deliver a copy of the Notice to Appear to the prosecuting attorney. 8 GCA §§ 25.20 and 25.30. If a prosecutor reviews the case and the Notice to Appear, and determines that the offense should be prosecuted, the prosecutor must file the Notice to Appear with the Court, along with the complaint and any affidavits necessary. 8 GCA §25.30.

Defendant does not allege or show that the Government failed to follow this procedure. Rather, the Defendant alleges that the Government could have and should have applied for an earlier summons in lieu of filing the Notice to Appear which was issued to the Defendant to prevent delay. This contention is belied by the plain language of 8 GCA §25.30, which mandates that the prosecutor decides to institute a criminal prosecution in this manner, the prosecutor "*shall file the notice to appear* and a complaint . . . in the court in which the person has promised to appear." 8 GCA §25.30 (emphasis added). There is no statutory requirement that the prosecutor request a summons and neglect the duty to file the notice to appear with the court. Accordingly, the requirements of *Palomo* were not violated by the Government's use of the Notice to Appear issued to the Defendant.

The Defendant next argues that *Palomo* was violated because his first appearance before the court occurred more than one year after his arrest. However, 8 GCA §45.30, which governs the Defendant's first appearance before a judge, does not have any language regarding a statute of limitations or any mention of a time requirement. The Defendant argues that the Court should infer that the Defendant's first appearance before the Court must occur before the expiration of the applicable statute of limitations, even when the defendant is charged before the expiration of the statute of limitations, because the *Villapando* and *Palomo* decisions suggest that police

should set the notice to appear date before the expiration of the applicable statute of limitations. *People v. Villapando*, 1999 Guam 31, ¶31 (Sup.Ct.Guam 1999).

There is nothing in the cases to support this inference. The *Palomo* case addressed only the issue of whether a notice to appear date which was set earlier than the applicable statute of limitations in a misdemeanor case created a new, *de facto* statute of limitations because 8 GCA §25.30 requires that the prosecutor file the notice to appear and a complaint "at or before the time at which the person promised to appear." The *Villapando* case extended that reasoning to felony cases. In both cases, the Supreme Court of Guam explicitly declined to address the situation in which a defendant was charged within the applicable statute of limitations and before the notice to appear date. *People v. Villapando*, 1999 Guam 31, ¶31, n.10.

The Government is required only to charge the Defendant before the date scheduled in the Notice to Appear or the statute of limitations, which begins running on the date after the offense is committed, whichever is earlier. 8 GCA §10.60 (prosecutor must file misdemeanor charges within one year); 8 GCA §25.30 (prosecutor must file a complaint on or before the notice to appear date); and *People v. Palomo*, 1998 Guam 14, ¶14 ( when the notice to appear date is set within the applicable statute of limitations, charging must occur before the earlier of the notice to appear date or the statute of limitations in order to comply with 8 GCA §25.30). In this case, the Government has complied with 8 GCA §25.30 and the applicable statute of limitations. Therefore, the harm against which the *Palomo* decision protects is nonexistent.

**B. Constitutional and Statutory Speedy Trial Rights Violation**

The statutory test for whether a case should be dismissed for reasons of time is found in Title 8 GCA §80.60(a) and (b). For a defendant who is not in custody, the court shall dismiss a

-4-

criminal action under 8 GCA §80.60(a) if trial "has not commenced within sixty (60) days after his arraignment." 8 GCA §80.60(a)(2).

Defendant asserts that the Court and the Government have violated this provision of the Code because he was not charged and arraigned promptly, thus causing unnecessary delay in bringing the underlying case to trial. Defendant contends that he was "accused" of a crime when he was arrested and issued a Notice to Appear, however, he was not charged with any crime until nine months later. Therefore, he claims dismissal is warranted.

Dismissal is considered a drastic step and is generally disfavored as a remedy, particularly where the right to speedy trial is in question. "The amorphous quality of the right (to speedy trial) . . . leads to the unsatisfactorily severe remedy of dismissal of the indictment where the right has been deprived." *Barker v. Wingo*, 407 U.S. 514, 522, 92 S.Ct. 2182, 2188, 33 L.Ed.2d 101 (1972). Overzealous application of dismissal for speedy trial violation would grant those guilty of crimes immunization based on procedural legal error, rather than protecting "the societal interest in trying people accused of crime." *United States v. Ewell*, 383 U.S. 116, 121, 86 S.Ct. 773, 777, 15 L.Ed.2d 627 (1966).

In this case, the Defendant was not held in custody following his arrest. 8 GCA § 10.30 specifically allows the Government up to one year to charge a defendant in a misdemeanor case after the person's arrest. The legislature has determined that this is a reasonable time period to allow the Government to investigate and charge the crime, and to ensure that the Defendant is not unduly prejudiced by a lengthy delay. Each jurisdiction is free to prescribe its own reasonable time standard for the commencement of prosecutions. Barker v. Wingo, 407 U.S. 514, 523 (1972). Because the Government charged the Defendant within the time allowed by the

legislature, and the Defendant was not in custody pursuant to 8 GCA 80.60(a)(1), there can be no violation of his statutory right to speedy trial for failing to charge him earlier.

Moreover, under 8 GCA §80.60(a), a statutory violation of the Defendant's right to speedy trial is triggered only after a defendant's arraignment. A violation occurs if the Defendant asserts the right and trial "has not commenced within sixty (60) days after his arraignment." Pursuant to 8 GCA §60.10, "[t]he defendant shall be arraigned promptly after the . . . complaint is filed . . . ." According to the note following the section, the intent of the legislature was not to require any specific time frame for arraignments, but merely to protect against any unreasonable delay between the time of charging and the time of arraignment. 8 GCA §60.10, Note. There is no requirement that the legislature quantify the specific time frames underlying the right to speedy trial, and each jurisdiction may decide what is a reasonable time period triggering speedy trial analysis. Barker v. Wingo, 407 U.S. 514, 523 (1972). In this case, the legislature has deemed it sufficient that the arraignment be conducted promptly, without quantifying any certain time period.

The Defendant claims that his right to prompt arraignment was violated when he was arraigned after his first appearance, scheduled by the Notice to Appear given to him when he was charged. Because his first appearance set by the date on the Notice to Appear was eight days after the one year statute of limitations set by 8 GCA § 10.30, and the arraignment occurred shortly thereafter, the Defendant claims that his statutory right to prompt arraignment, through his right to speedy trial, was violated.

Under 8 GCA §25.30, when the Defendant is issued a Notice to Appear, the Government is required to file the notice to appear with the Court. There is no corresponding requirement that the prosecution request a summons for the earlier appearance of the defendant. See 8 GCA

-6-

§§ 15.20(a) and 25.30. The Defendant does not argue, and presents no evidence that the summons issued by the Court "at a stated time and place," under 8 GCA §15.40 could not have been set for a date later than the statute of limitations. Accordingly, there is no meaningful difference between the date of the Defendant's first appearance as set pursuant to a notice to appear or a summons. Because the Court has already found that the prosecution was commenced within the statute of limitations, the delay of only eight days between the end of the limitations period and the Defendant's first appearance had no cognizable effect on the date of the Defendant's arraignment, and the Defendant was promptly arraigned.

Defendant next contends that his right to a speedy trial granted by the Sixth Amendment has been violated by the Government's failure to charge the Defendant quickly. The Sixth Amendment guarantees a person accused of a crime to a speedy trial. The Defendant claims that he was "accused" and therefore the Sixth Amendment applied to him, when he was arrested and issued a Notice to Appear.

Under *Barker v. Wingo*, 407 U.S. 514 (1972), to determine whether a defendant has been deprived of his Sixth Amendment right to a speedy trial, the court balances four factors : (1) the length of the delay; (2) the reason for delay; (3) the defendant's assertion of his rights; and (4) prejudice to the defendant. The balancing test is one in which the actions of both the prosecution and the defendant are weighed. *Id.* at 530.

The length of delay is a threshold factor. The issue addressed under the first factor is whether the length of delay before trial was unusually long. *Doggett v. United States*, 505 U.S. 647, 651 (1992). This factor requires a double inquiry. *Id.* First, to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary delay from "presumptively prejudicial" delay. *Id.*, (citation omitted).

If the accused makes this showing, the court must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the delay. *Id.*

Delays over one year are presumptively prejudicial. *Doggett v. United States*, 505 U.S. 647, 648, n.1(1992) (lower courts find delays of one year presumptively prejudicial, and delay of eight and one half years is "six times as long as that generally deemed sufficient to trigger judicial review"); *accord U.S. v. Lattany*, 982 F.2d 866, 882(3rd Cir.1992); *U.S. v. Olderbak*, 961 F.2d 756, 761(8th Cir.1992); *United States v. Beamons*, 992 F.2d 1009, 1012-1013 (9th Cir. 1993); *Cowart v. Hargett*, 16 F.3d 642, 646–47(5th Cir.1994); *United States v. Santiago-Becerril*, 130 F.3d 11, 21–22(1st Cir.1997); *United States v. Schlei*, 122 F.3d 944, 987 (11th Cir.1997); *U.S. v. Taylor*, 196 F.3d 852, 861 n.14(7th Cir.1999) *Maples v. Stegall*, 427 F.3d 1020, 1026 (6th Cir.2005); *U.S. v. Batie*, 433 F.3d 1287, 1290 (10th Cir.2006).

Defendant alleges a pre-charging delay of approximately nine months, and despite the fact that "a defendant's primary safeguard against unreasonable prosecutorial delay lies in the applicable statute of limitations," *U.S. v. Spears*, 159 F.3d 1081, 1084 (7th Cir. 1998), the Defendant alleges that his right to a speedy trial was violated, not because he was not charged outside of the applicable statute of limitations, but only because he was not charged as quickly as possible. In this case, even if the Court assumes that the date of the Defendant's arrest is the date he was "accused" for the purposes of triggering the protections of the Sixth Amendment, the Defendant does not allege that the interval between the time of accusation and time of trial had crossed the threshold dividing ordinary from presumptively prejudicial delay.

The delay alleged by the Defendant encompasses only nine months. This "delay" falls short of the time held by the Federal Circuit Courts, and noted in *Doggett* to be presumptively

prejudicial. "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker*, 407 U.S. at 530, 92 S.Ct. at 2192. Therefore, Defendant does not allege the proper time interval upon which to claim that the delay was presumptively prejudicial, and further examination of Defendant's speedy trial claim is unnecessary, because a speedy trial analysis has not been triggered under *Barker*.

Noting the fact that the length of the "delay" in this case does not trigger a speedy trial analysis, and was authorized by the Guam legislature through the applicable statute of limitations, the Court has sufficient grounds to deny the Defendant's Motion to Dismiss for Denial of Right to Speedy Trial. Accordingly, dismissal is not required by 8 GCA §80.60 or the Sixth Amendment.

## CONCLUSION

Based on the above, Defendant's Motion to Dismiss is hereby DENIED. Trial setting will be held on July 8, 2009 at 3:30 P.M.

**IT IS SO ORDERED** this 29th day of June, 2009.

**Alberto C. Lamorena III**
Presiding Judge
Superior Court of Guam